## W. X. HUBER CO. *v.* UNITED STATES

**No. 5558.**—Invoice dated Shanghai, China, February 25, 1935.
Entered at Los Angeles, Calif., March 19, 1935.
Entry No. 6470.

(Decided January 20, 1942)

*Lane & Wallace* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney),
for the defendant.

**No. 5559.**—Invoice dated Kobe, Japan, October 28, 1937.
Certified October 29, 1937.
Entered at Los Angeles, Calif., November 24, 1937.
Entry No. 4096.

(Decided January 20, 1942)

*Philip ·Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court,

(1) That the merchandise involved in the appeal listed in the attached schedule consists of rayon articles, made of rayon which in all material respects is such or similar to the rayon in the articles the subject of decision in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704; and that the issue herein and conditions as to the market value are the same as the issue and conditions as to market value in the cited cases, and the record in said cases is hereby incorporated herein.

(2) That the appraised values of the rayon articles covered by this appeal, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the Appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeal herein is abandoned as to all merchandise except the rayon articles, and this case is submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the rayon articles such values are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.